**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00295-CR**
_____

**JAMES MARSHALL SPILLMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-04-05393**

_____

**MEMORANDUM OPINION**

Appellant James Marshall Spillman was charged with continuous sexual abuse of a young child, a first-degree felony. Tex. Penal Code Ann. § 21.02(b). He was found guilty and sentenced to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

Spillman's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous; he also

1

filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We notified Appellant of his right to file a pro se brief and notified him of the deadline for doing so but we received no response from Appellant.

Upon receiving an Anders brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire appellate record and counsel's brief, and we agree with counsel's conclusion that no arguable issues support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

---

[1] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on May 14, 2026
Opinion Delivered May 20, 2026
Do Not Publish

Before Johnson, Wright and Chambers, JJ.